

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00861-CR

Charles **WILLIAMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-3503
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:   October 9, 2013

AFFIRMED; MOTION TO WITHDRAW GRANTED

Charles Williams pled no contest to evading arrest/detention with a vehicle, enhanced by two prior felonies, and received community supervision for a term of five years on April 18, 2011. On May 6, 2011, the State filed a motion to revoke his community supervision alleging that Williams committed two new offenses, aggravated assault and deadly conduct, on April 28, 2011 in violation of Condition No. 1 of his community supervision. Williams was arrested but released on bond pending determination of the motion to revoke. On April 10, 2012, the State filed a first amended motion to revoke incorporating the prior alleged violations of Condition No. 1, and

adding two alleged violations of Condition No. 2 for use of marijuana and cocaine on February 28, 2012, an alleged violation of Condition No. 10A for failure to pay supervisory fees, and an alleged violation of Condition No. 10C for failing to pay court costs. Williams pled "not true" to the alleged violations. After an evidentiary hearing, the trial court found that Williams violated Condition No. 1 by committing the other alleged offenses, and revoked his community supervision. The court sentenced Williams to five years' imprisonment, and assessed a $1,500 fine, $800 in restitution, and $320 in court costs. Williams now appeals. We affirm the trial court's judgment.

Williams' court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. In the brief, counsel raises no arguable appellate issues, and concludes this appeal is frivolous and without merit. The brief meets the *Anders* requirements. *See id*.; *see also High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Williams with a copy of the brief and motion to withdraw, and informed him of his right to review the record and file his own *pro se* brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Williams did not file a *pro se* brief.

After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, the judgment of the trial court is affirmed. *See id.* Appellate counsel's motion to withdraw is granted. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Williams wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Rebeca C. Martinez, Justice

DO NOT PUBLISH